CORNELIUS CRONKRIGHT *v.* WILLIAM THOMSON.

To maintain a proceeding for the foreclosure of a lien, under the act for the better security of mechanics, &c., in the city of New York, passed in 1851, it is essential that it should appear that the plaintiff has acquired a lien by compliance with the act.

Without this there is no foundation for the proceeding; there is no lien to foreclose. Such a proceeding is a proceeding *in rem*, and not *in personam*.

Where the labor done or materials claimed for, were done or furnished for the contractor, there can be no judgment against the owner personally. The judgment and execution are the means of enforcing the lien by resort to the owner's interest in the property at the time the lien was created.

GENERAL TERM, NOVEMBER, 1852.

APPEAL by the defendant (owner) from a judgment entered against him in the sixth district court, in favor of the plaintiff (claimant). The facts, so far as they appeared on the appeal, are given in the opinion.

*J. P. Giraud Foster* and *James Thomson*, for the appellant.

*A. Aikin*, for the respondent.

BY THE COURT. WOODRUFF, J.—This appeal is taken from a proceeding instituted in the court below, to recover " for the price of 128 bushels of hair, at 17 cts. per bushel, under the lien law of 1851." Such is the statement in the return. By whom or to whom furnished or sold? when or where delivered, or where used? whether either the plaintiff or the defendant were connected with the transaction, and if so, how? does not appear in the return of the issues joined between the parties.

But the admissions on the trial were, that the plaintiff sold and delivered these goods to the defendant's contractor, to be used on dwelling houses in this city, belonging to the defendant.

We are from this, and by the points submitted, warranted in the inference that the proceeding was instituted to foreclose a lien which the plaintiff claimed to have, under the act for the better security of mechanics and others, in the city of New York, passed in 1851.

It is sufficient to say, in disposing of the appeal, that no evi-

Cronkright v. Thomson.

dence whatever was given that the plaintiff had acquired any lien. No such lien was averred or claimed by him in any form, by complaint, notice, or otherwise. If the above cited reference to the statute, as returned to us, "under the lien law of 1851," be, by an exceedingly liberal construction, deemed to amount to a claim of lien, the answer sufficiently denied it. And the burthen of proof was on the plaintiff to show that he had a lien to foreclose.

The proceeding is not an action to recover money from the defendant (the owner) personally, for goods sold to a contractor, or labor done for him; it is instituted to foreclose a lien upon property; it is a proceeding *in rem*, and the very first stage in the proceeding, when the parties are brought into court, is to establish a lien, for without that, there is no foundation for the proceeding. There is no lien to foreclose. There is no claim in which the owner has any interest.

Although the return is not very specific, I conclude from its phraseology that the justice gave judgment against the defendant personally. If so, the judgment is also erroneous upon that ground also. The defendant was not liable for the goods; they were sold to a third person.

If compliance with the statute, so as to create a lien, had been shown, it would only have entitled the plaintiff to a lien upon such interest as the owner had in the buildings at the time the lien was created, and to enforce that lien by a proper judgment and execution against such interest in that property.

It is unnecessary, however, to pursue this point further, or to consider the other questions raised by the points submitted.

The judgment must be reversed on the first ground mentioned.

Judgment reversed.